UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEARBORN TREE SERVICE, INC,

    Plaintiff,

Case No. 13-cv-12584
Honorable Gershwin A. Drain

v.

GRAY'S OUTDOORSERVICES, LLC,
*et al*.,
    Defendant.
_____/

ORDER DENYING DEFENDANT LOMBARDO'S MOTION TO DISMISS [#17] WITHOUT PREJUDICE AND DELAYING A RULING ON PERSONAL JURISDICTION UNTIL TRIAL ON THE MATTER

### I. Introduction

Plaintiff Dearborn Tree Service Inc. ("Dearborn Tree") is a Michigan company that offers tree removal and other arboreal services to customers in southeast Michigan, and has done so for thirty-three years. On June 12, 2013, Plaintiff filed a Complaint against Defendants for alleged violations of the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d); False Designation of origin and Unfair Competition under the Lanham Act, 15 U.S.C. § 1125(a); Business Defamation; and Concert of Action. Defendants are Gray's Outdoorservices, LLC ("Gray's"); Thomas Gray ("Gray"), owner of Gray's; Treeservicemarketing. Com, Inc. (Treeservice); and Brandon Lombardo ("Lombardo"), owner of Treeservice.

According to Plaintiff, the Defendants engaged in a business referral arrangement in which Treeservice registered and used Plaintiff's trademark in a domain name, DearbornTreeservice.com. (Compl. ¶¶ 25-26.)[1] The website was a referral method in which customers seeking tree and arboreal services in southeast Michigan could find providers. Plaintiff alleges Treeservice and Defendant Lombardo used this website to steer customers to Gray's. *Id*. ¶ 33. Plaintiff also alleges this was a concerted action by Gray and Lombardo to direct clients away from Dearborn Tree by causing confusion among customers. *Id*. ¶ 45.

Presently before the Court is Defendant Lombardo's Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Although Lombardo moved for dismissal under Rule 12(b)(6) because Plaintiff has no registered trademark, he also argues in his motion the Court should dismiss Plaintiff's claim against him pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure because it lacks personal jurisdiction over him. Rule 12(b)(2) of the Federal Rules of Civil Procedure gives the Court the authority to dismiss the claim for lack of personal jurisdiction. Lombardo argues he is a Georgia resident who has not conducted any activity in the state of Michigan that would justify this Court exercising jurisdiction over him. The parties have fully briefed the Motion, and the Court held a hearing on the Motion on December 3, 2013. For the reasons that follow, the Court finds that the jurisdictional facts of this case are interwoven with the merits of the claim and will hold an evidentiary hearing on its personal jurisdiction over Defendant Lombardo at the beginning of the trial for this matter. Also, the Court DENIES Defendant Lombardo's Motion to Dismiss pursuant to Rule 12(b)(6) without prejudice.

---

[1] The Court will use domain name and website interchangeably.

## II.    Factual Background

Plaintiff has been in the tree service business in and around Dearborn, Michigan for more than thirty years, but does not have a website or have a registered service trademark for its name with the state of Michigan or the United States. Lombardo is an entrepreneur from the state of Georgia. He is a shareholder and director of Treeservice. (Lombardo Decl. ¶ 3.) Treeservice purchases domain names for tree service companies in an effort to generate business for the companies. On June 20, 2007, Treeservice purchased the domain name dearbornTreeservice.com. (Def.'s Mot. at 3.) Registration documents for the website list Treeservice as the owner of the website, but list Lombardo as its registrant. (Pl.'s Ex A.) From 2008 to 2013, Treeservice operated as a lead generator for various tree service providers in and around Detroit and Dearborn, Michigan. Although Treeservice transacted business in Michigan, Lombardo argues he never did so in his personal capacity.

## III.    Law and Analysis

### A.  Standard of Review

#### i.    Dismissal Pursuant to 12(b)(2) For Lack of Personal Jurisdiction

When deciding a motion pursuant to Rule 12(b)(2), the court has three procedural options: 1) decide the motion on the affidavits alone; 2) allow discovery to help it decide on the motion; or 3) conduct an evidentiary hearing on the merits of the motion. *Ford Motor Co. v. Great Domains, Inc.*, 141 F. Supp.2d 763, 770 (E.D. Mich. 2001); *see Serras v. First Tennessee Nat'l Bank Assoc.*, 875 F.2d 1212, 1215 (6th Cir. 1989). The plaintiff bears the burden of proving jurisdiction is proper, but it varies depending on which procedural option the court chooses. *Seeras*, 875 F.2d at 1214.

When deciding based on the affidavits, the court must consider the pleadings and affidavits in a light most favorable to the Plaintiff. *Great Domains*, 141 F. Supp.2d at 770. The court does not give weight to controverting statements of the party moving for dismissal, otherwise non-resident parties would routinely avoid jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991). The court does not have to ignore factual consistencies between the parties. *Great Domains*, 141 F.Supp.2d at 770. If the court decides to hold an evidentiary hearing, then the plaintiff must prove jurisdiction exists by a preponderance of the evidence. *Serras*, 875 F.2d 1214. If the court finds that jurisdictional facts are linked to the merits of the dispute, it may conduct the evidentiary hearing at the outset of a trial on the merits. *Id*. at 1215.

The United States does not have a statute that authorizes federal district courts to exercise personal jurisdiction over a registrant defendant in a trademark claim. District courts must look to the laws of the forum state in order to determine if they can exercise personal jurisdiction. *See* Fed. R. Civ. P. 4(k)(1). Accordingly, this Court must determine if the Michigan long arm statute allows it to exercise personal jurisdiction over Lombardo.

The state of Michigan's long-arm statute authorizes assertion of personal jurisdiction. MICH. COMP. LAWS. § 600.715 (2013). Michigan courts can exercise personal jurisdiction over a defendant "doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort." *Id*. A tort or injury from defendant's conduct has to occur in Michigan. *Green v. Wilson*, 455 Mich. 342, 565 N.W.2d 813 (1997).

Even if the long-arm statute applies to a defendant's conduct, the exercise of personal jurisdiction must comply with the Due Process Clause of the Fourteenth Amendment. Non-resident defendants must have enough contact within the forum state so that the exercise of

4

personal jurisdiction comports with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 316 (1945). In a trademark case, courts are only allowed to exercise limited personal jurisdiction. *Great Domains*, 141 F.Supp.2d at 771. The Sixth Circuit has a three-part test to determine if the court has satisfied due process. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir 1996). Sixth Circuit courts must determine:

> 1) whether the defendants purposefully availed themselves of the privilege of acting in the forum state or causing a consequence in the forum state; 2) the cause of action must arise from the defendant's activities there; and 3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable.

*Id*.

A defendant has purposely availed himself of the privilege of acting in the forum state if his actions have such a "substantial connection with the forum state" that he can expect to be "haled into court there." *Id*.; *see Southern Mach. Co. v. Mohasco Indus*., 401 F.2d 374, 381-82 (6th Cir. 1968); *see also Burger King Corp. v Rudzewicz*, 471 U.S. 462, 474-75 (1985). This standard does not require the defendant's physical presence in the forum state. *Burger King*, 471 U.S. at 476. Rather, it is enough for the defendant to *purposely direct* his actions at the forum state. *Id*. (emphasis added). A defendant's out-of-state actions need only cause effects in the forum state. *Calder v. Jones*, 465 U.S. 783 (1984). Within the context of a trademark claim, Plaintiff can establish that jurisdiction is proper by proving the "brunt of the injury" is felt in the forum state, the registrant defendant's use of plaintiff's mark was intentional or deliberate, and registrant defendant's actions were expressly aimed at the forum state. *Great Domains*, 141 F.Supp.2d at 774 (applying *Calder* "effects test" to a ACPA claim).

5

When deciding whether defendants have aimed their actions at the forum state, the court considers the likelihood of confusion as to who controls the website that is created by the domain name itself and the level of individualized targeting at the trademark owner. *Id*. at 776. The court looks at these factors as inversely proportional to one another. *Id*. If the likelihood of confusion is high, the plaintiff must make a low-level showing of individualized targeting and vice versa. *Id*. The existence of other legitimate uses for the exact mark and the lexical context of the mark within the domain name are also relevant factors when considering confusion. *Id*. When determining the level of individual targeting under the effects doctrine, the court considers five factors:  1) whether the registrant directly solicited the trademark owner to purchase the domain name; 2) whether the domain name registrant has registered domain names incorporating other protected marks; 3) whether the domain has been offered for sale by the current registrant and, if so, the price sought; 4) whether the registrant has a preexisting, legitimate use for the domain name; and 5) any other factors which demonstrate that the act of incorporating the protected mark into a domain name was "expressly aimed" at the state in which the trademark owner resides. *Id*; *see Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir.1998).

The domain name dearborntreeservice.com was registered in Georgia, however, Dearborn Tree is in Michigan. Misuse of a trademark causes an injury where the owner of the mark resides. Therefore, any injuries resulting from this misuse occurred in Michigan. *See Neogen Corp. v. Neo Gen Screening, Inc.*, 109 F.Supp.2d 724, 727-28 (W.D. Mich.) (holding the Michigan long-arm statute is likely broad enough to encompass a defendant's out-of-state activity that causes an economic harm in Michigan). According to Plaintiff, Defendants' use of the domain name caused confusion among customers. (Pl.'s Ex. C.)  Customers were told

6

Plaintiff had moved to Georgia and the number on the dearbornTreeservice.com website was not for Dearborn Tree. *Id*.

Lombardo is the registrant for Treeservice. (Pl.'s Ex. A.) Potential customers of Plaintiff were directed to the Defendant Gray's. So, the brunt of Plaintiff's injury was felt in Michigan. There is no evidence of any accidental or negligent conduct by Lombardo in his capacity as registrant of the website. Plaintiff has shown that customers in the Dearborn area have been misled by the domain name. (Pl.'s Ex. C.) In addition to customer confusion, Plaintiff argues the fourth and fifth factors of individual targeting favor a finding of jurisdiction. (Pl's Resp. at 15.) Affidavits and pleadings, however, do not show plaintiff used the domain name. When viewed in a light most favorable to plaintiff the fifth factor appears to favor jurisdiction. Plaintiff alleges its co-manager was solicited by a person at Tree Service in 2007 or 2008. (Pl.'s Ex. D.) Additional discovery could support Plaintiff's argument finding a jurisdiction under the first and third factors. *Id*.

Many of the jurisdictional facts are intertwined with the merits of the Plaintiff's claim. Therefore, the Court will delay its ruling on personal jurisdiction until after an evidentiary hearing held at the beginning of the trial in this matter.

### ii. Motion to Dismiss Pursuant to Rule 12(b)(6) For Failure to State a Claim.

Rule 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007), the court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims.

To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl*., 127 S. Ct. at 1964-65) (citations and quotations omitted). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Id*. (citing *Bell Atl*., 127 S. Ct. at 1965).

To state a claim for an ACPA violation, a plaintiff must allege that the defendant, with bad faith and with the intention to profit from the mark, registered, trafficked in, or used a domain name that is similar or identical to the plaintiff's mark. *Bird v. Parsons*, 289 F.3d 865, 881 (6th Cir. 2002); *see also* 15 U.S.C. § 1125(d)(1)(A) (2012). The registrant or that person's authorized licensee can face liability for use of the domain name. *Id*.

The Lanham Act provides protection for registered and unregistered trademarks. *Fuji Kogyo Co., Ltd. v. Pac. Bay Int'l, Inc*., 461 F.3d 675, 683 (6th Cir. 2006); *see* 15 U.S.C. § 1125(a); *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc*., 280 F.3d 619, 629 (6th Cir.2002). The plain language of the Lanham Act does require registration of a trade name or mark. *Two Pesos, Inc. v. Taco Cabana, Inc*., 505 U.S. 763, 776 (1992) (Steven, J., concurring). In order to allege a sufficient false designation or unfair competition claim, a plaintiff must allege the defendant's actions caused a likelihood of confusion as to the origin of the plaintiff's goods or services. *Parsons*, 289 F.3d at 877; *see Daddy's Junky Music Stores v. Big Daddy's Family Music Ctr*., 109 F.3d 275, 280 (6th Cir. 1997). A sufficient infringement claim requires facts that show defendant acted without permission of the trademark owner to "use in commerce any reproduction, counterfeit, copy or colorful imitation of a registered mark in connection with the

8

sale, offering for sale, distribution, or advertising of any goods or services on or in connection with such use is likely to cause confusion, . . . or to deceive" 15 U.S.C. § 1114(1)(a) (2012). A sufficient unfair competition claim contains facts that allege defendant, "on or in connection with any goods or services, ... used in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact" in a manner that is "likely to cause confusion ...." 15 U.S.C. § 1125(a)(1)(A) (2012).

Defendant Lombardo also argues Plaintiff fails to state a claim because Plaintiff does not possess a registered trademark. Although Plaintiff did not register a trademark, Plaintiff still has protection under the Lanham Act. *See Taco Cabana, Inc*., 505 U.S. at 776. Plaintiff's Complaint states Defendant Lombardo is the Treeservice's registrant. (Compl. ¶ 28.) As its registrant, he faces liability under the ACPA. When viewed in a light most favorable to the Plaintiff, the Court finds Plaintiff has stated sufficient facts that make its ACPA claim against Defendant Lombardo, as the registrant of the domain name, plausible.

Plaintiff's Complaint alleges that Lombardo was a part of a scheme that falsely designated its mark and caused confusion among customers through use of the website. Plaintiff adequately alleges it suffered a loss of good will associated with its mark and that Defendant Lombardo has obtained profits because of a purposeful misuse and false designation of its mark. (Compl. ¶¶ 45-47.) When viewed in a light most favorable to the Plaintiff, the Court finds Plaintiff has stated sufficient facts that make its false designation and unfair competition claims against Defendant Lombardo plausible.

### IV. Conclusion

For the reasons stated above, the Court finds the personal jurisdictional facts of this case are interwoven with the merits of the claim. Accordingly, the Court will hold an evidentiary hearing concerning personal jurisdiction over Defendant Lombardo at the beginning of the trial for this matter. Defendant Lombardo's Motion to Dismiss pursuant to Rule 12(b)(6) [#17] is DENIED without prejudice.

SO ORDERED

Dated: December 13, 2013

                                              s/Gershwin A Drain
                                              Honorable Gershwin A. Drain
                                              United States District Court Judge