**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DEARBORN TREE SERVICE, INC.,**

    **Plaintiff,**                          **CIVIL ACTION NO. 13-cv-12584**

    **v.**                               **DISTRICT JUDGE GERSHWIN A. DRAIN**

**GRAY'S OUTDOORSERVICES, LLC,**   **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**

    **Defendants.**
_____/

**OPINION AND ORDER DENYING DEFENDANTS' MOTION TO STRIKE [60],**
**MOTIONS FOR EXTENSION OF TIME [84] [92], AND**
**MOTIONS FOR LEAVE TO FILE EXCESS PAGES [97] [98]**

This matter comes before the Court on Defendants Treeservicemarketing.com, Inc. and Brandon Lombardo's Motion to Strike the Affidavit of Kayleigh Burden (docket no. 47-8), attached to Plaintiff's Motion to Compel (docket no. 47) as "Exhibit G." (Docket no. 60.) Plaintiff Dearborn Tree Service, Inc. responded to Defendants' Motion (docket no. 82), and Defendants replied to Plaintiff's Response (docket no. 93). The following motions related to Defendants' Reply (docket no. 93) are also pending before the Court: Defendants' Motion to Extend Time to File Reply Brief and Supporting Documents (docket no. 84), Defendants' Motion to File Reply to Plaintiff's Response to Motion to Strike Out of Time (docket no. 92), and Defendants' Motions to Exceed Page Limitation regarding Defendants' Reply in support of their Motion to Strike (docket no. 97) and in support of their Motion to File Reply to Plaintiff's Response to Motion to Strike Out of Time (docket no. 98). Plaintiff responded and Defendants replied to Defendants' Motions for Extension of Time. (Docket nos. 85, 86, 96, and 99.) The Motions have been referred to the undersigned for

consideration. (Docket nos. 64 and 102.) The undersigned has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The undersigned is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

Plaintiff Dearborn Tree Service, Inc., a provider of tree and outdoor landscaping services, initiated this action on June 13, 2013 against Defendants Gray's Outdoorservices, LLC, its owner, Thomas Gray, Treeservicemarketing.com, Inc., and its owner, Brandon Lombardo. (*See* docket no. 1.) Plaintiff alleges that Defendant Treeservicemarketing.com is a customer lead generation business for tree care professionals and that Defendant Gray's Outdoorservices provides tree care and other related services, is a registered contractor with Defendant Treeservicemarketing.com, and pays Defendant Treeservicemarketing.com for customer leads and other services. (Docket no. 43 ¶¶ 10-11.) Plaintiff's Amended Complaint sets forth claims of Cybersquatting, False Designation of Origin, Business Defamation, Unfair Competition, and Concert of Action against Defendants. (*See* docket no. 43.) Essentially, Plaintiff alleges that Defendants intentionally copied and used Plaintiff's service mark in conjunction with the domain names "dearborntreeservice.com" and "dearborntreeservices.net" to divert customers from Plaintiff and profit from Plaintiff's goodwill and reputation in the community. (*Id*.) Plaintiff seeks damages and injunctive relief. (*Id*.)

Presently before the Court is Defendants Treeservicemarketing.com and Lombardo's Motion to Strike the Affidavit of Kayleigh Burden (docket no. 60), an exhibit attached to Plaintiff's Motion to Compel (docket no. 47.) In her affidavit, Ms. Burden presents herself as an "independent contractor who provides administrative and investigative services to attorneys with offices in Livonia, Michigan, including [Plaintiff's counsel], Shawn H. Head." (Docket no. 47-8 ¶ 2.) On March 26, 2014, Plaintiff's counsel allegedly hired Ms. Burden to call the telephone numbers listed

on various tree service websites to determine whether Defendant Treeservicemarketing.com was still doing business or whether it was dormant and not operating in accordance with Defendant Lombardo's response to Plaintiff's Interrogatory no. 5. (Docket no. 82 at 7-8, 9-10.) According to Ms. Burden's affidavit, she called the telephone numbers associated with five different tree service websites and had a brief conversation with the person who answered the telephone regarding the identity of the company's owner. (*See* docket no. 47-8.)

Defendants assert that Ms. Burden's affidavit should be stricken because Plaintiff had full knowledge that the employees and entities contacted by Ms. Burden were represented by defense counsel, and thereby violated state and federal law governing counsel's contact with represented parties and the Michigan Rules of Professional Conduct. (Docket no. 60 at 5-6.) Plaintiff asserts that the Court should deny Defendants' Motion for, among other reasons, failure to contain a brief in accordance with Eastern District of Michigan Local Rule 7.1(d) and for otherwise failing to comply with Local Rule 7.1. (*See* docket no. 82.) Defendants do not address Plaintiff's assertion regarding Local Rule 7.1 in their Reply. (*See* docket no. 93.)

Eastern District of Michigan Local Rule 7.1(d)(1)(A) provides, in relevant part, that "[u]nless the Court permits otherwise, each motion and response to a motion must be accompanied by a single brief," which "may be separate from or may be contained within the motion or response." E.D. Mich. L.R. 7.1(d)(1)(A). Defendants' Motion to Strike is not accompanied by any brief. Additionally, E.D. Mich. Local Rule 7.1(a) requires that a party seek concurrence from the opposing party prior to filing a motion. "Seeking concurrence from the opponent is a mandatory directive of the Local Rules of this District." *U.S. v. Ramesh*, No. 02-80756, 2009 WL 817549, at *6 (E.D. Mich. Mar. 26, 2009). Defendants' Motion does not state that they sought concurrence prior to

filing it. Because Defendants failed to comply with Local Rules 7.1(a) and (d), the undersigned will deny Defendants' Motion to Strike (docket no. 60) without prejudice. Accordingly, the undersigned will also deny all of Defendants' motions associated with the filing of their Reply in support of the instant Motion (docket nos. 84, 92, 97, and 98) as moot.

**IT IS THEREFORE ORDERED** that Defendants Treeservicemarketing.com, Inc. and Brandon Lombardo's Motion to Strike the Affidavit of Kayleigh Burden [60] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Defendants Treeservicemarketing.com, Inc. and Brandon Lombardo's Motion to Extend Time to File Reply Brief and Supporting Documents [84], Motion to File Reply to Plaintiff's Response to Motion to Strike Out of Time [92], Motion to Exceed Page Limitation [97], and Motion to Exceed Page Limitation [98] are **DENIED** as moot.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: October 15, 2014        s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: October 15, 2014        s/ Lisa C. Bartlett
                               Case Manager