UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DEARBORN TREE SERVICE, INC.,**

    **Plaintiff,**       **CIVIL ACTION NO. 13-cv-12584**

    **v.**      **DISTRICT JUDGE GERSHWIN A. DRAIN**

**GRAY'S OUTDOORSERVICES, LLC,**    **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**

    **Defendants.**
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL [73]

This matter comes before the Court on Plaintiff's Motion to Compel Defendants Gray's Outdoorservices, LLC and Thomas Gray to Provide Complete Responses to Plaintiff's Interrogatories and Requests for Production of Documents. (Docket no. 73.) Defendants did not respond to Plaintiff's Motion; however the parties have filed a Joint Statement of Resolved and Unresolved Issues (docket no. 107). The Motion has been referred to the undersigned for consideration. (Docket no. 74.) The undersigned has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The undersigned is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

**I.     Background**

Plaintiff Dearborn Tree Service, Inc., a provider of tree and outdoor landscaping services, initiated this action on June 13, 2013 against Defendants Gray's Outdoorservices, LLC, its owner, Thomas Gray, Treeservicemarketing.com, Inc., and its owner, Brandon Lombardo. (*See* docket no. 1.) Plaintiff alleges that Defendant Treeservicemarketing.com is a customer lead generation

business for tree care professionals and that Defendant Gray's Outdoorservices provides tree care and other related services, is a registered contractor with Defendant Treeservicemarketing.com, and pays Defendant Treeservicemarketing.com for customer leads and other services. (Docket no. 43 ¶¶ 10-11.) Plaintiff's Amended Complaint sets forth claims of Cybersquatting, False Designation of Origin, Business Defamation, Unfair Competition, and Concert of Action against Defendants. (*See* docket no. 43.) Essentially, Plaintiff alleges that Defendants intentionally copied and used Plaintiff's service mark in conjunction with the domain names "dearborntreeservice.com" and "dearborntreeservices.net" to divert customers from Plaintiff and profit from Plaintiff's goodwill and reputation in the community. (*Id*.) Plaintiff seeks damages and injunctive relief. (*Id*.)

Plaintiff served Defendants Gray's Outdoorservices, LLC and Thomas Gray with its first set of interrogatories and first request for production of documents on March 21, 2014. (Docket no. 73 at 2; Docket no. 73-1; Docket no. 73-2.) Defendants did not respond or object to Plaintiff's discovery requests. (Docket no. 73 at 2.) Plaintiff's counsel conferred with defense counsel via email and telephone several times to request answers and responses, and defense counsel repeatedly indicated that answers and responses were forthcoming. (*Id*.) On May 18, 2014, having not yet received anything from Defendants, Plaintiff filed the instant Motion to Compel. (Docket no. 73.) In its Motion, Plaintiff seeks an order compelling complete responses to its first set of interrogatories and first request for production of documents and awarding Plaintiff its expenses and attorney fees. (Docket no. 73 at 3.) Defendants did not respond to Plaintiff's Motion. On October 7, 2014, on order from the Court, the parties filed a Joint Statement of Resolved and Unresolved Issues. (Docket no. 107.)

## II.     Law and Analysis

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed.R.Civ.P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A). If the party receiving discovery requests under Rules 33 or 34 fails to respond properly, Rule 37 provides the party who sent the discovery the means to file a motion to compel. Fed.R.Civ.P. 37(a)(3)(B). If a court grants a Rule 37 motion to compel, or if discovery is received after a Rule 37 motion is filed, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed.R.Civ.P. 37(a)(5)(A).

In their Joint Statement, the parties inform the Court that Defendants provided answers to Plaintiff's first set of interrogatories and first request for production of documents on May 19, 2014, the day after Plaintiff filed its Motion to Compel. (*Id.* at 2.) Defendants' answers did not contain any objections to the discovery requests. (*Id.*) Plaintiff states that it is still seeking court intervention in this matter because many of Defendants' answers are blank, incomplete, evasive, and/or non-responsive and because Defendants have failed to produce any documents in response to Plaintiff's first request for production. (*Id.*) Defendants assert that it is not their position that the information sought by Plaintiff is not relevant or discoverable, but that it is simply a question of Defendants' limited resources and limited ability to gather the information in a cogent manner. (*Id.* at 12.) Defendants indicate that they will gladly stipulate to an order compelling their responses to Plaintiff's discovery requests, but they contest an award of fees and expenses to Plaintiff. (*Id.* at 13.)

3

Plaintiff seeks $1,000 in expenses and attorney's fees that it incurred in bringing the instant Motion and another $1,000 for the expenses and fees it incurred in preparing and filing the Joint Statement of Resolved and Unresolved Issues. (Docket no. 73 at 3; docket no. 107 at 12.) Defendants contend that they are not in a position to pay fees or costs and that they should not have to do so. (Docket no. 107 at 12.) Defendants elaborate that they are financially unable to engage in the type of in-depth discovery initiated by Plaintiff, that they are doing as best as they can with their limited resources, and that any award of fees and expenses would be unnecessary. (*Id*. at 12-13.)

Rule 37 sanctions are appropriate in this case because the Court will grant Plaintiff's Motion to Compel and because Defendants failed to provide any discovery responses until after Plaintiff filed said motion. Defendants allusions to their lack of financial resources does not excuse their failure to respond to Plaintiff's discovery requests. Defendants have not shown that they were substantially justified in submitting untimely and incomplete responses to Plaintiff's discovery requests, and there are no other circumstances which would render an award of fees and expenses unjust. Therefore, the Court will grant Plaintiff's Motion to Compel and order Defendants to provide full and complete responses to Plaintiff's first set of interrogatories and first request for production of documents, without objection, within 21 days of this Opinion and Order and to pay Plaintiff's reasonable expenses and attorney's fees. The Court will also order Plaintiff to submit a Bill of Costs.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel [73] is **GRANTED**. Defendants are ordered provide full and complete responses to Plaintiff's first set of interrogatories and first request for production of documents, without objection, within 21 days of this Opinion and

Order.

**IT IS FURTHER ORDERED** that Defendants pay the reasonable expenses and attorney's fees incurred by Plaintiff as a result of bringing the instant Motion. Plaintiff is ordered to submit to the Court a Bill of Costs itemizing the same within 21 days of this Opinion and Order, at which time the Court will determine the amount of costs and fees for which Defendants are liable.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  October 23,  2014         s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: October 23, 2014           s/ Lisa C. Bartlett
                                  Case Manager