**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**DEARBORN TREE SERVICE, INC.,**

      **Plaintiff,**                        **CIVIL ACTION NO. 13-cv-12584**

      **v.**                                **DISTRICT JUDGE GERSHWIN A. DRAIN**

**GRAY'S OUTDOORSERVICES, LLC,**    **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**

      **Defendants.**
_____/


**OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISQUALIFY
COUNSEL [94] AND SECOND MOTION TO STRIKE [109]**

This matter comes before the Court on Defendants Treeservicemarketing.com, Inc. and Brandon Lombardo's Motion to Disqualify Plaintiff's Counsel (docket no. 94) and Second Motion to Strike the Affidavit of Kayleigh Burden (docket no. 47-8), attached to Plaintiff's Motion to Compel (docket no. 47) as "Exhibit G" (docket no. 109). Plaintiff responded to Defendants' Motions (docket nos. 100 and 113), and Defendants replied to Plaintiff's Responses (docket nos. 101 and 114). The Motions have been referred to the undersigned for consideration. (Docket nos. 102 and 110.)   The parties have fully briefed the Motions; the undersigned has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

**I.  Background**

Plaintiff Dearborn Tree Service, Inc., a provider of tree and outdoor landscaping services, initiated this action on June 13, 2013 against Defendants Gray's Outdoorservices, LLC, its owner, Thomas Gray, Treeservicemarketing.com, Inc. (TSM), and its owner, Brandon Lombardo.  (*See*

docket no. 1.)  Plaintiff alleges that Defendant Treeservicemarketing.com is a customer lead generation business for tree care professionals and that Defendant Gray's Outdoorservices provides tree care and other related services, is a registered contractor with Defendant Treeservicemarketing.com, and pays Defendant Treeservicemarketing.com for customer leads and other services.  (Docket no. 43 ¶¶ 10-11.)  Plaintiff's Amended Complaint sets forth claims of Cybersquatting, False Designation of Origin, Business Defamation, Unfair Competition, and Concert of Action against Defendants. (*See* docket no. 43.)  Essentially, Plaintiff alleges that Defendants intentionally copied and used Plaintiff's service mark in conjunction with the domain names "dearborntreeservice.com" and "dearborntreeservices.net" to divert customers from Plaintiff and profit from Plaintiff's goodwill and reputation in the community.  (*Id*.)  Plaintiff seeks damages and injunctive relief.  (*Id*.)

Plaintiff served Defendants TSM and Lombardo with Interrogatories and Requests for Production of Documents on December 23, 2013.  (Docket no. 94 at 2; docket no. 100 at 9.)  Defendants TSM and Lombardo responded to Plaintiff's discovery requests on January 22, 2014.  (*Id*.)  Plaintiff's Interrogatories and Defendants' responses relevant to the instant Motions are:

> **Plaintiff's Interrogatory No. 5:** Identify any entity in which Defendant TSM and/or Lombardo have any ownership interest.  For each entity, please identify the purpose of such entity.
> > Defendant TSM's Response: TSM has no interest in any other entity.
> > Defendant Lombardo's Response:
> > Lombardo Management, Inc. . . .
> > Emachinery.com, Inc.
> > > This entity is dormant and is not operating.
> > CRM Service Pro, Inc.
> > > This entity is dormant and is not operating.
> > Contractorstop.com, Inc.
> > > This entity is dormant and is not operating.
> > Bestwebpagemarketing.com, Inc.
> > > This entity is dormant and is not operating.

>TreeServiceMarketing.com, Inc.
>>This entity is dormant and is not operating.
>
>LMG Capital, LLC . . .
>
>Treejob.com, Inc.
>>This entity was dissolved on April 26, 2007.
>
>**Plaintiff's Interrogatory No. 6:** Identify all lawsuits, arbitrations or adversarial proceedings in which You have been involved, as named Plaintiff or Defendant, Complainant or Respondent, or otherwise, from inception to present. Please include the parties of each proceeding, the jurisdiction, and the case number/proceeding number.
>>Defendant TSM's Response: To my knowledge, TSM has not been involved in any lawsuits.
>>
>>Defendant Lombardo's Response: To my knowledge, I have not been involved in any lawsuits other than a suit in the state of Texas involving a land purchase in approximately 2004. I have no other information on that lawsuit.

(Docket no. 100-2 at 5; docket no. 100-3 at 4-5.)

Also relevant is Plaintiff's Request for Production (RFP) No. 25, which asked Defendants to "[p]roduce a list of all domain names registered by Defendants since inception." (Docket no. 94 at 2.) In response, Defendants produced a list of approximately one thousand domains owned by Defendant TSM, including dearborntreeservice.com, treeservice.com, mariettatreeservice.com, treejob.com, atlanta-tree.com, and atlantatreeservice.com. (*Id.* at 2-3.)

Allegedly, Plaintiff was suspicious of Defendants' response to Interrogatory No. 5 that Defendant TSM was "dormant and [] not operating." (Docket no. 100 at 10.) Plaintiff claims that the response was inconsistent with statements made in settlement discussions between Plaintiff's counsel and Defendants' counsel. (*Id.* at 10-11.) Plaintiff also believed that Defendants were untruthful in their responses to Interrogatory No. 6 when Plaintiff discovered an amended complaint filed in a lawsuit in 2010 by Tracey Langston and Marietta Tree Service, Inc. in the Cobb County, Georgia Superior Court that named both Defendant TSM and Defendant Lombardo as defendants.

3

(*Id*. at 10; docket no. 100-4.)[1,2] Plaintiff asserts that because of Defendants' alleged untruthful discovery responses, failure to respond to Plaintiff's discovery requests, and failure to participate in discovery in good faith, Plaintiff and Plaintiff's counsel had a duty to further investigate Defendants. (Docket no. 100 at 13.)

To aid with this investigation, Plaintiff's counsel, Shawn H. Head, enlisted the services of Kayleigh Burden, a legal assistant who worked for a law firm that shared office space with Plaintiff's counsels' law firm. (Docket no. 100 at 13; docket no. 94-1 at 4.) On March 26, 2014, Plaintiff's counsel asked Ms. Burden to contact the telephone numbers posted on the following websites: dearborntreeservice.com, mariettatreeservice.com, treejob.com, atlanta-tree.com, and atlantatreeservice.com. (Docket no. 94-1 at 7, 10; *see* docket no. 47-8.) According to Defendants, the websites and their associated telephone numbers were owned by Defendant TSM or a Lombardo-related entity. (Docket no. 94 at 4.) Defendants assert that two of the telephone numbers direct calls to a call center for Treeservice.com, and the other two telephone numbers call Treejob.com offices in Atlanta, Georgia. (Docket no. 94-2 ¶4.) Ms. Burden made the telephone calls on a speaker phone,

---

[1] In its Response to the instant Motion, Plaintiff contends that Defendants' counsel violated Michigan Rule of Professional Conduct 3.4 in submitting these allegedly false responses to Plaintiff's discovery requests and seeks an order of sanctions against Defendants and Defendants' counsel. (Docket no. 100 at 11, 26.) The undersigned will not address this issue, as it is not properly before the Court.

[2] In their Reply to Plaintiff's Response, Defendants explain that although Defendants were named in the aforementioned amended complaint, the plaintiffs in that case never sought leave to amend their complaint and never attempted to serve Defendants with that complaint. (Docket no. 101 at 5.)

and the calls were recorded on Plaintiff's counsel's cellular telephone. (Docket no. 94-1 at 6, 8; *see* docket no. 94-1 at 24-50.)

Plaintiff's counsel provided Ms. Burden with a two-page, typed list of questions to ask the persons who answered the telephone at the numbers provided. (Docket no. 94-1 at 6, 7, 11.) Plaintiff's counsel was also present during Ms. Burden's telephone conversations and verbally instructed her to ask questions in addition to those on the list he provided. (*Id*. at 6, 8.) Some of the questions asked by Ms. Burden were: "who is it, then, that you work for;" "is this a call center that answers for several different companies;" "is the company called 'Stericycle Communication Solutions;'" "I was just wondering if your company was a referral service or if they perform tree services directly;" "who is the owner of your company;" "What's the name of your company;" "Is there any association with Brandon Lombardo;" "is this 'treejob' or 'treeservice.com;'" and "I'm trying to reach Atlanta Tree Service. Is this the correct number." (Docket no. 94-1 at 24-50.)

In her deposition, Ms. Burden testified that, prior to making the phone calls, she did not know that Treeservicemarketing.com or Brandon Lombardo were Defendants in this case. (*Id*. at 11.) She also testified that, prior to the phone calls, Plaintiff's counsel told her that he thought they would be contacting call centers and that he had been told that the Defendant corporate entity was no longer doing business. (*Id*. at 18.) Ms. Burden further testified that, when placing the phone calls, she did not identify herself, indicate that she was calling on behalf of an attorney, or state that she was calling to ask about information regarding a lawsuit. (*Id*. at 14, 16.)

After the telephone conversations, Plaintiff's counsel prepared an affidavit for Ms. Burden that summarized the conversations. (Docket no. 94-1 at 8; docket no. 47-8.) Ms. Burden signed the affidavit, which Plaintiff attached to and relies upon in its April 2, 2014 Motion to Compel. (*Id*.)

Defendants TSM and Lombardo filed a Response to Plaintiff's Motion to Compel and a separate Motion to Strike the Affidavit of Kayleigh Burden on May 7, 2014. (Docket nos. 62 and 60.) Defendants then filed the instant Motion to Disqualify Counsel on June 18, 2014. (Docket no. 94.) In an October 15, 2014 Order, the Court denied Defendants' Motion to Strike for failure to comply with Eastern District of Michigan Local Rule 7.1. (Docket no. 108.) Defendants corrected the Rule 7.1 violations and filed their Second Motion to Strike the Affidavit of Kayleigh Burden on October 21, 2014. (Docket no. 109.)

In their Motions, Defendants TSM and Lombardo seek an Order (1) disqualifying Plaintiff's counsel Shawn H. Head, his law firm, the Law Offices of Dean Koulouras, Brian A. Hall, and his law firm, Traverse Legal; (2) striking Ms. Burden's affidavit (docket no. 47-8); (3) prohibiting Ms. Burden from offering evidence in this case; (4) prohibiting persons identified in Ms. Burden's affidavit from offering evidence in this case on Plaintiff's behalf; (5) prohibiting Plaintiff's counsel from having any further contact with Defendants' employees and (6) awarding Defendants' counsel attorney's fees and expenses. (Docket no. 94 at 18; docket no. 109 at 3.) According to Defendants, the facts and arguments set forth in their Second Motion to Strike are "virtually identical" to those in support of their Motion to Disqualify Plaintiff's Counsel. (Docket no. 109 at 6.) The Court agrees and will rule on the two Motions concurrently.

**II.     Governing Law**

"A motion to disqualify counsel is the proper method for a party to bring an alleged breach of ethical duties to the court's attention." *DeBiasi v. Charter Cnty. of Wayne*, 284 F. Supp. 2d 760, 770 (E.D. Mich. 2003) (citations omitted). "A violation of the rules of professional ethics, however, does not automatically necessitate disqualification of an attorney." *El Camino Res., Ltd. v.*

*Huntington Nat'l Bank*, 623 F. Supp. 2d 863, 875 (W.D. Mich. 2007) (citation omitted). Disqualification is an "extreme sanction" which should be used only when there is a "reasonable possibility that some specifically identifiable impropriety actually occurred, and where the public interest in requiring professional conduct by an attorney outweighs the competing interest of allowing a party to retain counsel of his choice." *DiBiasi*, 284 F. Supp. 2d at 770 (citations and internal quotation marks omitted). The movant bears the burden of proving the grounds for disqualification of counsel. *In re Valley-Vulcan Mold* Co., 237 B.R. 322, 337 (B.A.P. 6th Cir. 1999) (citation omitted); *Hutto v. Charter Twp. of Clinton*, No. 12-CV-12880, 2014 WL 1405216, at *1 (E.D. Mich. Apr. 11, 2014) (citation omitted).

Before the Court can determine whether disqualification is appropriate, it must determine whether a violation of the professional ethics rules has occurred. The Michigan Rules of Professional Conduct ("MRPC") govern attorneys' ethical responsibilities in this state, and have been adopted by this Court for regulating the conduct of counsel who practice before it. *See* E.D. Mich. LR 83.20(j). Defendants TSM and Lombardo rely on Michigan Rules of Professional Conduct 4.2, 5.3, and 8.4 to support their Motion to Disqualify and Motion to Strike.[3]

Rule 4.2, Communication With a Person Represented by Counsel, provides as follows:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a party whom the lawyer knows to be represented in the matter by another lawyer, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

MRPC 4.2.

---

[3] Defendants also purport to rely on MRPC 4.1, 4.3, and 4.4 to support their Motions but fail to set forth any cohesive arguments as to how Plaintiff's counsel may have violated these rules; it is not the Court's responsibility to scour the pleadings to piece together Defendants' arguments for them.

> Rule 5.3, Responsibilities Regarding Nonlawyer Assistants, provides:
>
> With respect to a nonlawyer employed by, retained by, or associated with a lawyer:
> (a) a partner in a law firm shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that the person's conduct is compatible with the professional obligations of the lawyer;
> (b) a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer; and
> (c) a lawyer shall be responsible for conduct of such a person that would be a violation of the rules of professional conduct if engaged in by a lawyer if:
>> (1) the lawyer orders or, with knowledge of the relevant facts and the specific conduct, ratifies the conduct involved; or
>> (2) the lawyer is a partner in the law firm in which the person is employed or has direct supervisory authority over the person and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.

MRPC 5.3.

> Rule 8.4, Misconduct, provides:
>
> It is professional misconduct for a lawyer to:
> (a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
> (b) engage in conduct involving dishonesty, fraud, deceit, misrepresentation, or violation of the criminal law, where such conduct reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer;
> (c) engage in conduct that is prejudicial to the administration of justice;
> (d) state or imply an ability to influence improperly a government agency or official; or
> (e) knowingly assist a judge or judicial officer in conduct that is a violation of the Code of Judicial Conduct or other law.

MRPC 8.4.

### III. Analysis

Defendants assert that Plaintiff's counsel, Shawn H. Head, violated Michigan Rules of Professional Conduct 4.2, 5.3, and 8.4 when he enlisted the services of Ms. Kayleigh Burden to call

telephone numbers that he knew would result in direct contact with Defendants' employees or agents to obtain evidence regarding the subject matter of this case . (Docket no. 94 at 9.) Defendants further assert that Plaintiff's counsel's ethics rule violations warrant the disqualification of Plaintiff's counsel, the striking of Ms. Burden's affidavit, and the prohibition of any evidence gained through those phone calls. (*Id*. at 11.)

Plaintiff's counsel contends that he did not commit misconduct, and, therefore, neither he nor his co-counsel should be disqualified from this matter or assessed any other sanctions. (Docket no 100 at 4, 6.) Specifically, Plaintiff's counsel asserts that neither he nor Ms. Burden attempted to contact a party known to be represented in this matter or any of Defendants' employees or agents with managerial authority or persons whose acts or omissions could be imputed to Defendants. (*Id*. at 4.) Plaintiff's counsel elaborates that he asked Ms. Burden to make the telephone calls to verify Defendants' discovery response that Defendant TSM was dormant and not operating and to determine whether it was still paying a call center to answer its calls. (*Id*. at 13-14.) Plaintiff's counsel claims to have believed that if Defendant TSM was still operating, Ms. Burden would be speaking to employees of Stericycle, a non-party call center identified by Defendants in their response to Plaintiff's Interrogatory no. 10. (*Id*. at 14; docket no. 100-2 at 6.)

First and foremost, it is undisputed that Ms. Burden is the person who called the telephone numbers posted on Defendants' websites as directed by Plaintiff's counsel. It is common for lawyers to enlist the services of assistants, such as investigators, secretaries, paralegals, and law student interns for use in their practice. MRPC 5.3 cmt. A supervisory lawyer must make reasonable efforts to ensure that the conduct of his legal assistant is compatible with the professional ethics standards that govern the lawyer's conduct. MRPC 5.3(b). A lawyer is responsible for the

9

conduct of his assistant that would constitute a violation of the rules of professional conduct if engaged in by a lawyer if "the lawyer orders or, with knowledge of the relevant facts and the specific conduct, ratifies the conduct involved." MRPC 5.3(c)(1). Accordingly, Plaintiff's counsel, Mr. Head, would be responsible for Ms. Burden's conduct if it would have violated the professional ethics rules if executed by a lawyer.

Defendants assert that Ms. Burden's conduct would have violated Michigan Rule of Professional Conduct 4.2 and that her conduct should be imputed to Plaintiff's counsel. Rule 4.2 provides that "a lawyer shall not communicate about the subject of the representation with a party whom the lawyer knows to be represented in the matter" without consent or authorization. MRPC 4.2. The parties dispute whether Ms. Burden communicated with a represented party.

To support their position, Defendants submitted the Declaration of Blake Linnekin, an exhibit attached to the Motion to Disqualify, in which Mr. Linnekin describes the telephone numbers that Ms. Burden contacted:

> The phone numbers (800) 515-7537, (888)650-8733, (770)873-3562, and (404)873-3562 are phone numbers that are used by our companies in marketing tree service work. The phone numbers (800)515-7537 and (888)650-8733 are TreeServiceMarketing.com, Inc phone numbers that direct calls to a call center for Treeservice.com. The numbers (770)873-3562, and (404)873-3562 are Treejob.com phone numbers that actually call local offices here in Atlanta Georgia. If you call those numbers you'll speak to employees of our company.

(Docket no. 94-2 ¶ 4.) Based on this description, it is clear that Ms. Burden did not communicate with Defendant Lombardo; however, it is not clear whether she made contact with Defendant Treeservicemarketing.com, Inc. (TSM). First, there is no information in Mr. Linnekin's Declaration regarding who he is or how he is connected to Defendants. Also, Mr. Linnekin asserts that two of the telephone numbers are answered by a call center, which was identified in Plaintiff's response

as non-party Stericycle, Inc. Mr. Linnekin asserts that the other two telephone numbers are directed to Treejob.com's local offices in Atlanta; however, according to Defendant Lombardo's discovery responses, Treejob.com, Inc. is a non-party entity in which Defendant Lombardo has an ownership interest, but was dissolved on April 26, 2007. Lastly, Mr. Linnekin asserts that if someone calls those telephone numbers, that person would speak to "employees of our company." Mr. Linnekin does not specify whether a caller would reach company employees at all four telephone numbers or only the last two numbers. Furthermore, it is uncertain what company Mr. Linnekin is referring to when he says, "employees of our company." Based on the Court's review of the pleadings, this could be any one of a number of companies, such as Defendant TSM, Treejob.com, Inc., Lombardo Management, Inc., or any one of the other non-party entities purportedly owned by Defendant Lombardo. At this juncture, there is no evidence that Ms. Burden communicated with a represented party; thus, her actions would not have violated MRPC 4.2 if otherwise performed by an attorney.

Assuming, *arguendo*, that Mr. Linnekin is referring to Defendant TSM as "our company," thereby alleging that Ms. Burden directly communicated with Defendant TSM's employees or agents, the comment section accompanying MRPC 4.2 is instructive. It states that "[i]n the case of an organization, this rule prohibits communications by a lawyer for one party concerning the matter in representation with persons having a managerial responsibility on behalf of the organization, and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization." MRPC 4.2 cmt. Notably, Defendants have failed to provide to the Court any information regarding the identity of the persons with whom Ms. Burden communicated, including their positions within the company or their job responsibilities. Moreover,

11

Defendants have not set forth any argument or explanation as to how the verbal conduct of those persons could be imputed to Defendant TSM or considered an admission of Defendant TSM. The Court is not willing to speculate in order to develop Defendants' arguments on their behalf. Accordingly, the Court finds that Ms. Burden's actions would not have violated MRPC 4.2 if they had been performed by an attorney, and, in turn, Plaintiff's counsel has not violated Michigan Rules of Professional Conduct 4.2, 5.3, or 8.4. Defendants' Motion to Disqualify and Motion to Strike (docket nos. 94 and 109) will be denied with regard to this issue.

Defendants set forth two ancillary arguments in support of their Motions. First, Defendants allege that Plaintiff's counsel violated the Consent Protective Order entered in this matter by providing Ms. Burden with five domain names from the list of domain names produced by Defendant TSM in response to Plaintiff's RFP no. 25, without obtaining from her an executed copy of the Agreement of Confidentiality. (Docket no. 94 at 8, 12; *see* docket no. 42.) Plaintiff argues that Defendants' domain names and the telephone numbers associated with those domains are not confidential because they are publically available, published information; the Court agrees. (Docket no. 100 at 18.) Indeed, the list of domain names that Defendant TSM produced in response to Plaintiff's RFP is confidential; however, the domain names themselves are not. Plaintiff's counsel did not provide Ms. Burden with Defendant TSM's discovery response; he provided Ms. Burden with five web domain names and the telephone numbers that were posted on those websites. There is no evidence that Plaintiff's counsel disclosed to Ms. Burden that those domain names were associated with Defendants. Therefore, Defendants' Motions are denied with regard to this issue.

Lastly, Defendants assert that Plaintiff's counsel should be disqualified because he "may have violated" Michigan's Eavesdropping Statute, Michigan Compiled Laws § 750.539, et seq., by

listening in on and recording Ms. Burden's telephone calls. (Docket no. 94 at 16-17.) The statute provides that:

> [a]ny person who is present or who is not present during a private conversation and who wilfully uses any device to eavesdrop upon the conversation without the consent of all parties thereto, or who knowingly aids, employs or procures another person to do the same in violation of this section, is guilty of a felony punishable by imprisonment in a state prison for not more than 2 years or by a fine of not more than $2,000.00, or both.

Mich. Comp. Laws § 750.539c. "'Eavesdrop' or 'eavesdropping' means to overhear, record, amplify or transmit any part of the private discourse of others without the permission of all persons engaged in the discourse." MCL § 750.539a. The Michigan Court of Appeals has interpreted MCL 750.539c to permit a party to the conversation to record a private conversation without the consent of the other parties, but prohibits a party from allowing or employing a third party to do so. *Dickerson v. Raphael*, 564 N.W.2d 85, 91 (Mich. Ct. App. 1997) (citing *Sullivan v. Gray*, 324 N.W.2d 58, 60-61 (Mich. Ct. App. 1982)).

It is undisputed that Plaintiff's counsel was present during and overheard the telephone calls that Ms. Burden made to the numbers associated with Defendants' web domains, but a question remains as to whether those conversations were private. Specifically, the issue is whether the persons answering the telephones had a reasonable expectation of privacy. *See People v. Stone*, 621 N.W.2d 702, 704-05 (Mich. 2001) (Under Michigan's Eavesdropping Statute, "'private conversation' means a conversation that a person reasonably expects to be free from casual or hostile intrusion or surveillance."). In a conclusory fashion, Defendants assert that the telephone representatives had an expectation that their conversations would be private, but fail to provide any facts, legal authority, or analysis to support their conclusion. Defendants' underdeveloped argument

13

that Plaintiff's counsel "may have violated" Michigan's Eavesdropping Statute sounds in speculation. Consequently, the Court will deny Defendants' Motions with regard to this issue.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Disqualify Plaintiff's Counsel [94] and Second Motion to Strike the Affidavit of Kayleigh Burden [109] are **DENIED**.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  December 4, 2014          s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: December 4, 2014           s/ Lisa C. Bartlett
                                  Case Manager

14