UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DEARBORN TREE SERVICE, INC.,**

      **Plaintiff,**                                 **CIVIL ACTION NO. 13-cv-12584**

      **v.**                                         **DISTRICT JUDGE GERSHWIN A. DRAIN**

**GRAY'S OUTDOORSERVICES, LLC,**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**

      **Defendants.**
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL [47]**

This matter comes before the Court on Plaintiff's Motion to Compel Defendants Treeservicemarketing.com, Inc. and Brandon Lombardo to Supplement Discovery Responses and Produce Documents. (Docket no. 47.) Defendants responded to Plaintiff's Motion (docket no. 62), and Plaintiff replied to Defendants' Response (docket no. 71). The parties have also filed two Joint Statements of Resolved and Unresolved Issues. (Docket nos. 90 and 106). The Motion has been referred to the undersigned for consideration. (Docket no. 48.) The parties have fully briefed the Motion; the undersigned has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

**I.   Background**

Plaintiff Dearborn Tree Service, Inc., a provider of tree and outdoor landscaping services, initiated this action on June 13, 2013 against Defendants Gray's Outdoorservices, LLC, its owner, Thomas Gray, Treeservicemarketing.com, Inc. (TSM), and its owner, Brandon Lombardo. (*See*

docket no. 1.) Plaintiff alleges that Defendant Treeservicemarketing.com is a customer lead generation business for tree care professionals and that Defendant Gray's Outdoorservices provides tree care and other related services, is a registered contractor with Defendant Treeservicemarketing.com, and pays Defendant Treeservicemarketing.com for customer leads and other services. (Docket no. 43 ¶¶ 10-11.) Plaintiff's Amended Complaint sets forth claims of Cybersquatting, False Designation of Origin, Business Defamation, Unfair Competition, and Concert of Action against Defendants. (*See* docket no. 43.) Essentially, Plaintiff alleges that Defendants intentionally copied and used Plaintiff's service mark in conjunction with the domain names "dearborntreeservice.com" and "dearborntreeservices.net" to divert customers from Plaintiff and profit from Plaintiff's goodwill and reputation in the community. (*Id.*) Plaintiff seeks damages and injunctive relief. (*Id.*)

Plaintiff served Defendants TSM and Lombardo with Interrogatories and Requests for Production of Documents on December 23, 2013. (Docket no. 47 at 2; docket no. 62 at 2.) Defendants TSM and Lombardo served Plaintiff with their responses and objections to Plaintiff's discovery requests on January 22, 2014. (Docket nos. 47-5 and 47-6.) The parties were unable to resolve their disputes relating to Plaintiff's discovery requests in subsequent communications between Plaintiff's counsel and Defendants' counsel. (Docket no. 47 at 2.) As a result, Plaintiff filed the instant Motion to Compel on April 2, 2014. (Docket no. 47.) Defendants responded to Plaintiff's Motion on May 7, 2014 (docket no. 62), to which Plaintiff replied on May 15, 2014 (docket no. 71). The parties have also filed two Joint Statements of Resolved and Unresolved Issues in this matter, on June 2, 2014 and October 6, 2014. (Docket nos. 90 and 106.)

**II.     Governing Law**

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed.R.Civ.P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A). Rule 30 allows a party to conduct a deposition of any person without leave of the Court, subject to certain exceptions. Fed.R.Civ.P. 30(a)(1). If the party receiving discovery requests under Rules 33 or 34 fails to respond properly, or if the person whose deposition is sought under Rule 30 fails to properly comply with the rule, Rule 37 provides the party who sent the discovery or noticed the deposition the means to file a motion to compel. Fed.R.Civ.P. 37(a)(3)(B). If a court grants a Rule 37 motion to compel, or if discovery is received after a Rule 37 motion is filed, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed.R.Civ.P. 37(a)(5)(A).

**III. Analysis**[1]

The parties' most recent Joint Statement of Resolved and Unresolved Issues indicates that the parties have been unable to resolve their disputes regarding Plaintiff's Interrogatory nos. 7, 8, and 9, and Plaintiff's Request for Production (RFP) nos. 7, 25, 26, and 28. The Court will address the parties' arguments concerning these discovery requests below.

    **A.     Request for Production No. 28 and Interrogatory Nos. 7, 8, and 9**

According to Plaintiff, Request for Production no. 28 and Interrogatory nos. 7, 8, and 9 all request information from Defendants regarding Defendant TSM's clients or "contractors" who have registered for Defendant TSM's lead generation service through treeservice.com. (Docket no. 71 at 3.)

Plaintiff's RFP no. 28 requests that Defendants "[p]roduce a list of all TreeService.com Contractors." (Docket no. 47-3 at 12.) Defendant TSM objected to this interrogatory as vague, overbroad in terms of time and geographic scope, and not calculated to lead to discoverable evidence. (Docket no. 47–6 at 10.) Without waiving its objections, Defendant TSM identified Gray's Outdoor Services, LLC, Site Cleaning, Inc., and Complete Outdoor Service of Michigan, LLC as TreeService.com contractors in the Detroit metropolitan area. (*Id*.) Defendant Lombardo responded that he does not have any documents responsive to this RFP. (*Id*. at 25.)

Plaintiff's Interrogatory no. 7 requests that Defendants:

For each TreeService.com Contractor identified in response to Request # 28 of

---

[1] A significant portion of Defendants' argument in opposition to the instant Motion to Compel is based upon the alleged impropriety of the Affidavit of Kayleigh Burden, attached to and relied on by Plaintiff in the instant Motion. The Court has addressed Defendants' arguments regarding Ms. Burden's affidavit in a separate Opinion and Order Denying Defendants' Motion to Disqualify Counsel and Second Motion to Strike and will not rehash those arguments here.

Plaintiff's First Request for Production, produce:

    a. The domain name, or "preferred Website," for which the Contractor registered and made part of its Profile;
    b. The listing service name, or "Job Service Choice," (e.g. Optimizer I) selected by the Contractor;
    c. The job location, including ZIP Code and Radius selected by the Contractor;
    d. The job type preferences selected by the Contractor;
    e. The price paid by Contractor, both monthly and total;
    f. The number of leads delivered to the Contractor; and
    g. The identity of any and all leads delivered to the Contractor.

(Docket no. 47-2 at 8.)

Defendant TSM responded:

    a. DetroitTreeServices.com
    b. Optimizer II
    c. Gray's selected zip code 48135 with a 50 mile radius; Complete Outdoor Service selected zip code 48386 with a 40 mile radius; Site Cleaning selected zip code 48390 with a 30 mile radius.
    d. No contractor selected a job type preference.
    e. The Contractors agreed to pay $49.00 per month.
    f. This Defendant objects to this Interrogatory subpart in that it is vague, overbroad and not calculated to lead to discoverable evidence and it is virtually impossible to identify the number of leads delivered to any contractor that were generated from the dearborntreeservice.com domain and since there were numerous internet domains generated leads in the Detroit area.
    g. This Defendant will produce documents that show some of [sic] leads delivered to contractors; however, it is not known through what domain the leads were generated.

(Docket no. 47-5 at 5-6.) Defendant Lombardo responded that he has no information responsive to this interrogatory and referred Plaintiff to Defendant TSM's response. (*Id.* at 15.)

Plaintiff's Interrogatory no. 8 requests that Defendants "[i]dentify each Tree Service Provider in the TSM network." (Docket no. 47-2 at 8.) Defendant TSM objected to this interrogatory as broad and vague, as well as unclear as to Plaintiff's definition of "tree service provider." (Docket no. 47-5 at 6.) Without waiving its objections, Defendant TSM stated that the following entities

5

performed tree services in the Detroit metropolitan area: Gray's Outdoor Services, LLC, Site Cleaning, Inc., and Complete Outdoor Service of Michigan, LLC. (*Id*.) Defendant Lombardo responded that he has no information responsive to this interrogatory and referred Plaintiff to Defendant TSM's response. (*Id*. at 15.)

Plaintiff's Interrogatory No. 9 requests that Defendants "[i]dentify each 'Associate Site,' as identified during registration as a Contractor with TreeService.com." (Docket no. 47-2 at 8.) Defendant TSM objected to this interrogatory as vague, overbroad, and not calculated to lead to discoverable evidence, but stated that it would provide a response if Plaintiff clarified the request. (Docket no. 47-5 at 6.) Defendant Lombardo responded that he has no information responsive to this interrogatory and referred Plaintiff to Defendant TSM's response. (*Id*. at 15.)

Plaintiff asserts in its brief and reply brief that the information sought in these discovery requests will allow Plaintiff to discover additional witnesses in order to serve Defendant TSM's clients with depositions by written questions as authorized by the Court,[2] is relevant to Plaintiff's understanding of Defendant TSM's business model and practices, and will help Plaintiff determine which of Defendants' clients are relevant to Plaintiff's claims. (Docket no. 47 at 17-18; docket no. 71 at 3-4.) In their response to Plaintiff's Motion, Defendants claim that Defendant TSM objected to the production of any contractors located outside the Detroit metropolitan area because that information is highly-sensitive, corporate trade secret information and irrelevant. (Docket no. 62 at 7-8, 12.) Defendant TSM also claims that it does not have any documents responsive to RFP no. 28 and asserts that it is not required to create a list to satisfy the RFP. (*Id*. at 12.)

---

[2] In a December 10, 2013 Order, District Judge Drain granted Plaintiff leave to take an additional five depositions by written questions of Defendant TSM's clients, for up to a total of fifteen written depositions. (Docket no. 35.)

Federal Rule of Civil Procedure 34 provides for the discovery of items in the responding party's "possession, custody, or control." A request to produce cannot ask the responding party to create documents, such as lists; Rule 34 "can be used only to require the production of things in existence." *Alli v. Savitz, Estate of*, No. 07-CV-10670, 2008 WL 3915147, at *2 (E.D. Mich. Aug. 20, 2008) (quoting *Rockwell Int'l Corp. v. H. Wolfe Iron and Metal Co.*, 576 F. Supp. 511, 513 (W.D. Pa. 1983)). Request for Production no. 28 asks Defendants to produce a list of all TreeService.com contractors. To the extent that the requested "list" is not an existing document, electronically stored information, or a tangible thing pursuant to Rule 34(a)(1), it is not properly the subject of a Request for Production. *Compare* Fed. R. Civ. P. 34 *with* Fed. R. Civ. P. 33. The Court will deny Plaintiff's Motion to Compel a response to Request for Production no. 28. The Court will also deny Plaintiff's Motion to Compel a response to Interrogatory no. 7, as it is directly dependent on a full and complete response to RFP no. 28.

Plaintiff's Interrogatory no. 8 asks Defendants to identify each "Tree Service Provider" in the TSM network. Defendants were initially unsure of how Plaintiff defined "Tree Service Provider," however, in subsequent correspondence with Defendants, Plaintiff used this term interchangeably with the terms "Treeservice.com Contractors" and "Clients." (Docket no. 47-4 at 2-3.) Plaintiff also refers to the term "Tree Service Provider" as "Defendants' customers" and "Contractors" in its reply brief. (Docket no. 71 at 3.) To the extent Plaintiff is asking Defendants to identify Defendant TSM's contractors or clients in Interrogatory no. 8, the Court finds that this information is likely to lead to the discovery of admissible evidence, especially through the depositions by written questions previously authorized by the Court. Defendant TSM's argument that its client list is a highly-sensitive, corporate trade secret does not hold weight, but the Court

7

does find this interrogatory to be overbroad in terms of temporal and geographic scope. Thus, the Court will grant Plaintiff's Motion to Compel a response to Interrogatory no. 8 but will limit it to the identification of "twenty (20) current or former Tree Service Providers in the TSM network who were active at any time since Defendants registered the dearborntreeservice.com domain on June 20, 2007, and who are located within a 250 mile radius of Detroit metropolitan area."

The Court will also grant Plaintiff's Motion to Compel a response to Interrogatory no. 9, but will limit it to the identification of "each 'Associate Site' chosen by the Tree Service Providers listed in response to Interrogatory no. 8 during their registration as contractors with TreeService.com." Defendant TSM will provide full and complete responses to Plaintiff's Interrogatory nos. 8 and 9 as limited above within thirty (30) days of this Opinion and Order. The Court is willing to entertain a future motion from Plaintiff to expand the temporal and geographic scope of Defendant TSM's responses to Interrogatory nos. 8 and 9 if Plaintiff can demonstrate that the information would be relevant and not cumulative of information already produced.

### B.    Request for Production No. 7

Plaintiff's RFP no. 7 requests that Defendants produce all tax returns for Defendant TSM from inception to present and for Defendant Lombardo from 2007 to present. (Docket no. 47-3 at 8.) Defendant TSM objected to this RFP as vague, overbroad, and not calculated to lead to discoverable evidence, but agreed to produce its tax returns from 2007 to present upon the entry of a protective order in this matter. (Docket no. 47-6 at 5.) Defendant Lombardo objected to this RFP as seeking irrelevant documents and not calculated to lead to discoverable evidence. (*Id.* at 21.) Defendant TSM has since produced its tax returns as requested; Defendant Lombardo continues to object and claims that he has been wrongfully included in this litigation and that this request for his

8

personal financial information is both irrelevant and harassing. (Docket no. 62 at 8-9.) Plaintiff contends that its request for Defendant Lombardo's tax returns is not intended to be harassing and that it is reasonably calculated to lead to the discovery of admissible evidence, such as whether Defendant Lombardo profited from the use of the dearborntreeservice.com domain. (Docket no. 71 at 4.) The Court agrees that Defendant Lombardo's tax records may lead to the discovery of admissible evidence but also recognizes that Defendant Lombardo's tax records inherently contain confidential and sensitive information, which he would reasonably like to remain private. Thus, the Court will order Defendant Lombardo to produce his tax returns from 2007 to present under cover of the Consent Protective Order entered in this matter (docket no. 42) within thirty (30) days of this Opinion and Order.

### C.     Request for Production Nos. 25 and 26

Plaintiff's RFP no. 25 requests that Defendants "[p]roduce a list of all domain names registered by Defendants since inception." (Docket no. 47-3 at 11.) Defendant TSM responded that it would produce any documents relevant to this RFP following the entry of a protective order. (Docket no. 47-6 at 9.) Defendant Lombardo responded that he does not have any documents responsive to this RFP. (*Id*. at 24.)

Plaintiff's RFP no. 26 requests that Defendants:

For each domain identified in response to Request # 25 above, produce:

   a. Date of registration;
   b. Registrar used;

   c. All WHOIS information, including administrative, technical, and other contacts;
   d. Archived website displayed, or if archived website is unavailable, a description of website used in connection with the domain name including hyperlinks and meta-tags;

> e. Revenue, both gross and net, and profits from each domain name;
> f. Date when You ceased serving as Registrant;
> g. Reason for having ceased as Registrant;
> h. All correspondence received by third parties related to that domain name and all responses thereto.

(Docket no. 47-3 at 12.)  Defendant TSM objected to this RFP as vague, overbroad, and not calculated to lead to discoverable or relevant evidence, and stated that the information requested is available in the public domain.  (Docket no. 47-6 at 10.)  Defendant Lombardo responded that he does not have any documents responsive to this RFP.  (*Id.* at 25.)

Plaintiff argues the information it seeks in RFP nos. 25 and 26 is relevant to Plaintiff's claims, particularly with regard to whether Defendants had the requisite bad faith intent required by 15 U.S.C. § 1125(d)(1).  (Docket no. 47 at 20.)  Defendant TSM asserts that it has produced all documents relevant to RFP no. 25 and that it does not maintain business records or documents responsive to RFP no. 26.  (Docket no. 62 at 10-11.)  Plaintiff then suggests that Defendants can generate a report from their account on the GoDaddy.com website that will satisfy RFP nos. 25 and 26.  (Docket no. 71 at 5.)  As discussed above, under Federal Rule of Civil Procedure 34, a request for production may only seek documents or tangible things which are in the possession, custody, or control of the party upon whom the request is served.  Defendants cannot be compelled to create a non-existent document in response to a Rule 34 request.  The Court will deny Plaintiff's Motion to Compel responses to Request for Production nos. 25 and 26.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel [47] is **GRANTED IN PART** and **DENIED IN PART** as follows:

> a.. Plaintiff's Motion to Compel a response to Request for Production no. 28 and Interrogatory no. 7 is DENIED;

    b.    Plaintiff's Motion to Compel responses to Interrogatory nos. 8 and 9 is GRANTED IN PART. Interrogatory nos. 8 and 9 are limited in scope by the Court as described above, and Defendant TSM will provide full and complete responses to Plaintiff's Interrogatory nos. 8 and 9, as limited, within thirty (30) days of this Opinion and Order;

    c.    Plaintiff's Motion to Compel a response to Request for Production no. 7 is GRANTED. Defendant Lombardo will produce his tax returns from 2007 to present under cover of the Consent Protective Order entered in this matter (docket no. 42) within thirty (30) days of this Opinion and Order;

    d.    Plaintiff's Motion to Compel a response to Request for Production nos. 25 and 26 is DENIED; and

    e.    Plaintiff's Motion for Attorney's Fees and Costs is DENIED.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: December 4, 2014    s/ Mona K. Majzoub
    MONA K. MAJZOUB
    UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

      I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: December 4, 2014         <u>s/ Lisa C. Bartlett</u>
                                            Case Manager