# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**DEARBORN TREE SERVICE, INC.,**

    **Plaintiff,**                       **CIVIL ACTION NO. 13-cv-12584**

    **v.**                               **DISTRICT JUDGE GERSHWIN A. DRAIN**

**GRAY'S OUTDOORSERVICES, LLC,**   **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Dearborn Tree Service, Inc., a provider of tree and outdoor landscaping services, initiated this action on June 13, 2013 against Defendants Gray's Outdoorservices, LLC, its owner, Thomas Gray, Treeservicemarketing.com, Inc., and its owner, Brandon Lombardo, alleging that Defendants intentionally copied and used Plaintiff's service mark in conjunction with the domain names "dearborntreeservice.com" and "dearborntreeservices.net" to divert customers from Plaintiff and profit from Plaintiff's good will and reputation in the community. (*See* docket no. 1; *see* docket no. 43.) In an October 23, 2014 Opinion and Order, the Court granted Plaintiff's Motion to Compel and ordered Defendants Gray's Outdoorservices, LLC and Thomas Gray to pay the reasonable expenses and attorney's fees that Plaintiff incurred in bringing the Motion pursuant to Federal Rule of Civil Procedure 37. (Docket no. 112.) On November 13, 2014, Plaintiff's counsel submitted a Bill of Costs. (Docket no. 115.) The undersigned now issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1).

**I.      RECOMMENDATION**

The undersigned recommends that Plaintiff be awarded reasonable expenses and attorney's fees in the amount of $2,000.00, payable by Defendants Gray's Outdoorservices, LLC and Thomas Gray to Plaintiff's counsel within 21 days.

**II.     REPORT**

**A.      Procedural History**

Plaintiff served Defendants Gray's Outdoorservices, LLC and Thomas Gray with its first set of interrogatories and first request for production of documents on March 21, 2014. (Docket no. 73 at 2; Docket no. 73-1; Docket no. 73-2.) Defendants did not respond or object to Plaintiff's discovery requests. (Docket no. 73 at 2.) Plaintiff's counsel conferred with defense counsel via email and telephone several times to request answers and responses, and defense counsel repeatedly indicated that answers and responses were forthcoming. (*Id.*) On May 18, 2014, having not yet received anything from Defendants, Plaintiff filed the Motion to Compel. (Docket no. 73.) Defendants did not respond to Plaintiff's Motion. On October 7, 2014, on order from the Court, the parties filed a Joint Statement of Resolved and Unresolved Issues. (Docket no. 107.) The Court granted Plaintiff's Motion (docket no. 112), and pursuant to the Court's Order, Plaintiff's counsel submitted a Bill of Costs seeking a total of $2,000.00 for 12.4 hours of work (docket no. 115; docket no. 115-1). Defendants have not filed an objection.

**B.      Attorney Fees Standard**

Rule 37(a)(5)(A) authorizes the Court to order the payment of "the reasonable expenses incurred [by the moving party] in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). To calculate a reasonable attorney's fees award, courts use the "lodestar method,"

2

which requires the court to multiply a reasonable hourly rate by the reasonable number of hours worked. *Ellison v. Balinski*, 625 F.3d 953, 960 (6th Cir. 2010). The Court "has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Hett v. Bryant Lafayette and Assocs.*, No. 10-cv-12479, 2011 WL 740460, at *2 (E.D. Mich. Feb. 24, 2011) (Borman, J.) (quoting *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994). But "[a]ccording to the law of this circuit, [the court] is required to adjust attorney fee rates to the local market rates for attorneys." *Swans v. City of Lansing*, 65 F.Supp.2d 625, 647 (W.D. Mich. 1998) (citing *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995)). In addition, the court considers the following factors when calculating the reasonableness of attorney's fees: "(1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client." *Miller v. Alldata Corp.*, 14 Fed. Appx. 457, 468 (6th Cir. 2001).

> The Supreme Court has also provided guidance:
>
> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.
>
> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.

*Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983) (citation omitted).

**C.     Analysis**

Plaintiff's counsel, Shawn H. Head, seeks an hourly rate of $175.00 per hour. (Docket no. 115-1 at 3.) As noted, Defendants have not objected to Plaintiff's counsel's request. Moreover, the undersigned finds that Plaintiff's counsel's hourly rate is reasonable and within local market rates.

With regard to the number of hours expended, Plaintiff's counsel has submitted an itemized billing summary of the services he performed with regard to the Motion to Compel, for which he asserts that he expended a total of 12.4 hours. At Plaintiff's counsel's hourly rate of $175.00 per hour, Plaintiff's counsel indicates that his expenses and attorney's fees for 12.4 hours of work amount to a total of $2,170.00. (*Id.*) Plaintiff, however, indicates that it is willing to waive any expenses or fees in excess of $2,000.00 because Plaintiff had previously requested only $1,000.00 in expenses and attorney's fees that it incurred in bringing the instant Motion and another $1,000.00 for the expenses and fees it incurred in preparing and filing the Joint Statement of Resolved and Unresolved Issues. (Docket no. 115 at 2.)

The undersigned has reviewed Plaintiff's counsel's itemized billing summary and finds that a handful of the line items are not completely related to Plaintiff's Motion to Compel. The undersigned recommends that the time afforded to these line items be reduced as follows:

- Plaintiff's counsel asserts that on May 1, 2014, he reviewed Defendant Gray's Responses to Plaintiff's Requests for Admissions, discussed discovery issues with his co-counsel, Brian Hall, via telephone, and emailed Defendants' counsel regarding late discovery responses for a total of 1 hour. (Docket no. 115-1 at 2.) Plaintiff's Requests for Admissions are not a subject of Plaintiff's Motion to Compel. Thus, the undersigned recommends that Defendants only be charged for 0.5 hours with regard to this line item.

- Plaintiff's counsel submits that on June 5, 2014, June 6, 2014, September 26, 2014, and September 28, 2014, he spent 0.2, 0.4, 0.2, and 0.1 hours respectively emailing his co-counsel and the Court regarding outstanding and pending discovery issues, pending discovery motions, and scheduling. (Docket no. 115-1 at 2.) In June,

>however, there were a total of four pending discovery motions, and in September, there were a total of eight pending discovery motions. Plaintiff's counsel does not indicate whether the emails were related to all of the pending motions or whether they were solely related to the instant Motion to Compel. If those emails were related to all of the pending motions, it would be inappropriate to bill Defendants Gray's Outdoorservices, LLC and Thomas Gray for the total amount of time spent sending and receiving these emails because, of all the pending motions, Defendants Gray's Outdoorservices, LLC and Thomas Gray were only associated with the instant Motion to Compel. The other seven motions related to disputes between Plaintiff and Defendants Treeservicemarketing.com, Inc. and Brandon Lombardo. The undersigned, therefore, recommends that the amount of time spent on each of these four line items charged to Defendants Gray's Outdoorservices, LLC and Thomas Gray be reduced to 0.1 hours each, for a total of 0.4 hours.

Based on the undersigned's recommendations above, the total number of hours expended by Plaintiff's counsel should be reduced from 12.4 hours to 11.4 hours. At Plaintiff's counsel's hourly rate of $175.00, the new total for expenses and attorney's fees would be $1,995.00. Accordingly, the undersigned finds Plaintiff's request for $2,000.00 in expenses and attorney's fees reasonable, particularly with no outstanding objections from Defendants.

### D. Conclusion

For the reasons indicated herein, the undersigned recommends awarding total expenses and fees to Plaintiff in the amount of $2,000.00.

## III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise

others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: March 4, 2015          s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: March 4, 2015          s/ Lisa C. Bartlett
                              Case Manager

6