UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEARBORN TREE SERVICE, INC.,

Plaintiff,

v.

GRAY'S OUTDOORSERVICES, LLC, *et al.*,

Defendants.
_____/

Case No. 13-cv-12584

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MONA K. MAJZOUB

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR
LEAVE TO AMEND THE COMPLAINT [140]**

**OVERVIEW**

Dearborn Tree Service, Inc., ("Dearborn Tree" or "Plaintiff") initiated this action on June 13, 2013, against Gray's OutdoorServices, LLC, Thomas Gray, Treeservicemarketing.com, Inc., and Brandon Lombardo (collectively "original Defendants"). *See* Dkt. No. 1. In its First Amended Complaint, Dearborn Tree set forth claims of Cybersquatting, False Designation of Origin, Business Defamation, Unfair Competition, and Concert of Action against the original Defendants. *See* Dkt. No. 43. Defendants Treeservicemarketing.com, Inc. and its owner, Brandon Lombardo, were dismissed from this case pursuant to a stipulation between the parties on April 28, 2015. *See* Dkt. No. 136. Accordingly, Gray's OutdoorServices, LLC and its owner, Thomas Gray (collectively "Gray's"), are the only Defendants remaining in this action.

Presently before the Court is Dearborn Tree's Motion for Leave to Amend Complaint [140]. The matter is fully briefed. Having reviewed and considered Dearborn Tree's Motions and supporting briefs, Gray's responses thereto, and the entire record; the Court determines that the relevant allegations, facts, and legal arguments are adequately presented in these written

submissions. As such, oral argument will not aid the decisional process and the Court will decide this matter "on the briefs." *See* Eastern District of Michigan Local Rule 7.1(f)(2). For the reasons more fully discussed herein, the Court **DENIES** Dearborn Tree's Motion [140].

## I. BACKGROUND

Dearborn Tree commenced this action alleging that the original Defendants intentionally copied and used the service mark of "DEARBORN TREE SERVICE" in conjunction with the domain names "dearborntreeservice.com" and "dearborntreeservices.net." *See* Dkt. No. 43. According to Dearborn Tree, the original defendants used the service mark DEARBORN TREE SERVICE to divert customers from Dearborn Tree and profit from Dearborn Tree's goodwill and reputation in the community. *See id.* Gray's filed a Partial Motion for Summary Judgment on June 1, 2015. *See* Dkt. No. 137. The Court extended the Dispositive Motion Cut-off of this case to June 11, 2015, *see* Dkt. No. 139, to grant Plaintiff's counsel additional time to file Dearborn Tree's Motion for Partial Summary Judgment. *See* Dkt. No. 142. Now, after the parties have filed dispositive motions, Dearborn Tree is seeking to amend its Complaint in light of the findings it made during the discovery period.

## II. DISCUSSION

### A. LEGAL STANDARD

Pursuant to Rule 15 of the Federal Rules of Civil Procedure ("Rule 15"), a party may amend a pleading before trial as a matter of course, with the opposing party's written consent, or by leave of the Court. *See* Fed. R. Civ. P. 15(a)(1)-(2). Rule 15 clarifies that a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Sixth Circuit has found that "[t]he decision as to when 'justice requires' an amendment is within the discretion of the trial judge." *Head v. Jellico Hous. Auth.,* 870 F.2d 1117, 1123 (6th Cir. 1989) (citation and alteration omitted).

Nevertheless, "[a]lthough Federal Rule of Civil Procedure 15(a)(2) provides that a court should freely give leave to amend a complaint when justice so requires, the right to amend is not absolute or automatic." *Tucker v. Middleburg–Legacy Place,* 539 F.3d 545, 551 (6th Cir. 2008) (internal quotation and modification omitted). The Sixth Circuit has guided that "[i]n deciding whether to allow an amendment, the court should consider the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.,* 246 F.3d 593, 605 (6th Cir.2001). "Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Brooks v. Celeste*, 39 F.3d 125, 129 (6th Cir. 1994) (citing *Head*, 870 F.2d at 1123).

**B. LEGAL ANALYSIS**

Dearborn Tree seeks to amend its Complaint to include claims that Gray's "*also* used DEARBORN TREE" in an improper manner. *See* Dkt. No. 145 at 4 (emphasis in original). Specifically, Dearborn Tree is seeking to amend the Complaint because it states that, during the course of discovery, Gray's "admitted that they owned, registered and used" the domains "[dearborntree.com], [dearborntree.net], [dearborntreetrimming.com], and [deerborntreeremoval.com] in essentially the same way that [Gray's allegedly] registered and used [dearborntreeservices.net]." Dkt. No. 140 at 12.

Dearborn Tree emphasizes that the mark "DEARBORN TREE is [] not necessarily a *separate* mark, but instead, it is the short form of Plaintiff's complete mark DEARBORN TREE SERVICE." Dkt. No. 145 at 5. Thus, Dearborn Tree attempts to clarify that it "is not seeking to add any new causes of action, or new legal theories. The proposed amendments simply conform to the facts as determined through discovery." *Id.* at 1-2.

Gray's argues that Dearborn Tree's Motion should be denied because the Motion was unduly delayed and would result in undue prejudice. Specifically, Gray's argues that Dearborn Tree "offers no plausible explanation for the protracted delay" in seeking leave to file an amended complaint. *See* Dkt. No. 144 at 13. According to Gray's, Dearborn Tree is only seeking to amend the complaint because Dearborn Tree "wants to 'shift gears' and now be able to allege that it was DEARBORN TREE that had been a common law mark which it had used in commerce for decades." *Id.* at 16. Accordingly, Gray's argues that granting Dearborn Tree's Motion for Leave to Amend would result in prejudice because "Defendants were never put on notice by the allegations of either the original complaint or the first amended complaint, that [Dearborn Tree] lays claim to a *second* common law mark[.]" *Id.* at 15 (emphasis in original).

The Court agrees with Gray's. The Court finds that Dearborn Tree has not met its increased burden to justify its delay in filing the present Motion, and Gray's would suffer actual prejudice as a result. To explain, the Court begins by noting that "[w]hen amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *See Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 459 (6th Cir. 2001) (citation omitted). Here, both parties have filed Motions for Partial Summary Judgment, yet Dearborn Tree is seeking to amend its Complaint due to findings it made during discovery.

After reviewing Dearborn Tree's arguments, the Court finds that Dearborn Tree has not met its increased burden. Dearborn Tree attempts to justify its delay by arguing "it was not until Thomas Gray's deposition on May 8, 2015, that the Plaintiff was able to confirm that Thomas Gray did, in fact, purchase, register and own [dearborntree.com], [dearborntree.net], [dearborntreetrimming.com] and [deerborntreeremoval.com]." Dkt. No.140 at 8 (citing Dkt. No. 140-5). According to Dearborn Tree, records taken from GoDaddy.com on December 16, 2013

show that Gray's "used a domain privacy service known as Domains By Proxy, LLC through the domain registrar . . . to shield the owner's true identity[.]" Dkt. No. 140 at 7-8 (citing Dkt. No. 140-2). As such, Dearborn Tree argues it could not discover the actual owners of the domains because Gray's hid the identity of the domain's owners. *See* Dkt. No. 140 at 8.

It must be noted, however, that in Dearborn Tree's First Request for Production of Documents, Dearborn Tree requested that Gray's "[p]roduce a list of all domain names registered and/or used by You since Your inception." Dkt. 140-3 at 3. Gray's responded to Dearborn Tree's request on December 3, 2014, indicating that Gray's "registered and/or used" the following domains: "graysservices.com; dearborntreeservices.net; deerborntreeremoval.com; dearborntreetrimming.com; dearborntree.net; dearborntree.com." *Id.* Thus, it appears that Gray's informed Dearborn Tree about the additional domain names Dearborn Tree now seeks to add to the Complaint as early as December 3, 2014—over sixth months before Dearborn Tree filed the instant Motion. Dkt. No. 140-3 at 3.

However, Dearborn Tree argues that Gray's response on December 3, 2014 to Dearborn Tree's Request for Production was insufficient. In its Reply, Dearborn Tree argues that "Defendants' had only revealed that they may have 'registered and/or used' those domains." Dkt. No. 145 at 3. Thus, after the December 3, 2014 production request, Dearborn Tree contends that it was not 100% sure whether Gray registered *and* used all of the domains, and "[t]he extent of Mr. Gray's use and ownership of the Additional Domains was not fully revealed until Mr. Gray's deposition on May 8, 2015." *Id*.

The Court is not fully persuaded by Dearborn Tree's argument, considering the fact that Dearborn Tree had six-months to investigate its claimed lack of clarity that resulted from the question it posed. Nevertheless, Dearborn Tree attempts to explain the delay in seeking leave to

amend during that sixth-month period, arguing the delay stemmed from the actions of Mr. Gray who filed for bankruptcy twice during this case. *See* Dkt. No. 140 at 11. According to Dearborn Tree, each time a stay was implemented as a result of Mr. Gray's bankruptcy filings, Dearborn Tree's ability to engage in discovery was inhibited. *Id.* Thus, according to Dearborn Tree, its "proposed amendment is not the result of undue delay, it is based in substantial part upon recently discovered evidence." *Id.*

However, even working from the premise of Dearborn Tree's argument, there is still a delay for which Dearborn Tree has not explained. As an initial matter, Dearborn Tree had from December 3, 2014 to March 23, 2015 to further investigate its lack of clarity regarding the domains, because Thomas Gray did not file for bankruptcy a second time until March 24, 2015. *See* Dkt. No. 145 at 3. Dearborn Tree apparently did not, however, investigate its concerns during this almost four-month period.

The stay from Mr. Gray's second bankruptcy was lifted on April 24, 2015. *See id.* At this point, Dearborn Tree set Mr. Gray's deposition for May 8, 2015, *see* Dkt. No. 145 at 8, despite the fact that the stipulated order of the parties dictated that discovery was due by May 1, 2015. *See* Dkt. No. 127 at 2. At this May 8, 2015 deposition, Dearborn Tree was able to clarify its confusion regarding whether Mr. Gray both registered and used the DEARBORN TREE domain names. *See* Dkt. No. 140-5. But even *after* clarifying Mr. Gray's position, Dearborn Tree *still* waited until June 8, 2015—exactly a full month later, on the stipulated date for the dispositive motion cut-off, and a week *after* Gray's filed its Motion for Partial Summary Judgment—to file the instant Motion for Leave to Amend the Complaint.

While the Court is aware it takes time to draft a motion, Dearborn Tree fails to explain why it waited until the day dispositive motions were due to seek leave to amend. The lack of

urgency displayed by Dearborn Tree in filing the instant Motion makes it difficult for this court to say Dearborn Tree has met its increased burden to show why it failed to move earlier. *See*, *e.g.*, *Morris v. McDonald*, No. EP-14-CV-00139-DCG, 2015 WL 1546436, at *3 (W.D. Tex. Apr. 6, 2015) ("Plaintiff's lack of urgency, exhibited by his failure to amend his pleading within the three months available to him, indicates the lack of importance Plaintiff placed on the amendment. Accordingly, this factor supports denying the Motion."); *Hyo Jung v. Chorus Music Studio, Inc.*, No. 13-CV-1494 CM RLE, 2014 WL 4493795, at *3 (S.D.N.Y. Sept. 11, 2014) (denying motion to amend and noting that "cumulative actions show a general lack of urgency."). Because the Court finds that Dearborn Tree has not met the increased burden, the Court finds that Dearborn Tree's current request to amend the Complaint is unduly delayed.

However, the Court reiterates that "[d]elay by itself is not [a] sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Brooks*, 39 F.3d at 129 (6th Cir. 1994) (citation omitted). As such, the Court emphasizes that Gray's would suffer actual prejudice if Dearborn Tree were permitted to amend the Complaint at this point.

It is well established "that allowing amendment after the close of discovery creates significant prejudice[.]" *Duggins v. Steak "N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (referencing *Hayes v. New England Millwork Distributors, Inc.*, 602 F.2d 15 (1st Cir. 1979); *Campbell v. Emory Clinic*, 166 F.3d 1157 (11th Cir. 1999); *MacDraw, Inc. v. CIT Group Equip. Financing, Inc.*, 157 F.3d 956 (2d Cir. 1998); *Ferguson v. Roberts*, 11 F.3d 696 (7th Cir. 1993); *Averbach v. Rival Mfg. Co.*, 879 F.2d 1196 (3rd Cir. 1989)).

Notably, in *Duggins*, the Sixth Circuit affirmed the district court's denial of leave to amend the complaint noting that "the district court named both undue delay in missing deadlines

and undue prejudice to the opponent in allowing amendment after the close of discovery in coming to its decision." 195 F.3d at 834. The Sixth Circuit noted that the plaintiff in that case was "obviously aware of the basis of the claim for many months, . . . [yet] delayed pursuing [the] claim until after discovery had passed, the dispositive motion deadline had passed, and a motion for summary judgment had been filed." *Id.*

While Dearborn Tree would argue that it didn't know the basis of its claim for many months, it cannot be disputed that Dearborn Tree delayed pursuing the claim until after discovery passed, the dispositive motion deadline passed, and a motion for summary judgment was filed. As such, the situation analyzed in *Duggins* is nearly identical to the facts presently before the Court. On such facts, the court in *Duggins* explicitly found that "[t]he district court did not abuse its discretion in denying leave to amend the complaint at such a late stage of the litigation." *Id.*

The Court in *Duggins* also noted that reopening discovery was a factor in its finding that allowing amendment would prejudice the nonmoving party. *See Duggins*, 195 F.3d at 834. Although Dearborn Tree asserts that there would be no prejudice because discovery would not have to be reopened, it is hard to argue that Gray's was put on notice regarding the DEARBORN TREE mark such that the DEARBORN TREE mark was "thoroughly explored" in discovery. *See United Precision Products Co. v. Avco Corp.,* 540 F. App'x. 489, 496 (6th Cir. 2013).

Indeed, Gray's argues that it was never put on notice of the Dearborn Tree's allegations that it claims the common law mark DEARBORN TREE. *See* Dkt. No. 144 at 15. While Dearborn Tree argues it is not claiming the common law mark DEARBORN TREE, *see* Dkt. No. 145 at 2, Dearborn Tree misses the point. Gray's will be prejudiced regardless, because Gray's argued in its Motion for Partial Summary Judgment that "Dearborn Tree has not shown with any degree of clarity the extent it *actually used* DEARBORN TREE SERVICE in commerce, as

opposed to DEARBORN TREE[.]" Dkt. No. 137 at 24 (emphasis in original). Gray's likely would not have conceded this point if it knew that Dearborn Tree sought to pursue claims for both DEARBORN TREE *and* DEARBORN TREE SERVICE. Put simply, "[i]t is not difficult to see the undue prejudice." *Avco Corp.*, 540 F. App'x at 496.

### III. CONCLUSION

In sum, Dearborn Tree did not move for leave to amend until the late stages of litigation and granting Dearborn Tree's motion would unduly prejudice Gray's. Accordingly, for the reasons discussed in detail above, the Court **HEREBY DENIES** Plaintiff's Motion for Leave to Amend the Complaint [140].

IT IS SO ORDERED.

Dated: July 21, 2015

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge